**John BUGGS, Appellant**

**v.**

**STATE OFFICIALS, DEPARTMENT OF CORRECTIONS, et al. Suzanne Noelle Hueston, Counsel For Jeffery A. Beard, Shirley Moore, John S. Shaffer, Jundith Viglione, Franklin J. Tennis, Superintendent, Moniquew D.**

Hendricks, Pennsylvania Board of Probation & Parole, Catherine C. McVey, Thomas Costa, Edward Burke; Paule P. Scott, John Does, And Jan Does, Field Agents; Chad L. Allensworth, Counsel for the Parole Board; Philadelphia District Attorney Office, et al., Appellees.

Supreme Court of Pennsylvania.

March 9, 2009.

***ORDER***

PER CURIAM.

**AND NOW,** this 9th day of March, 2009, the Order of the Commonwealth Court is hereby **AFFIRMED.**

at 232 n. 12). As the majority notes, the Commonwealth has a statutory role in the *creation* and *governance* of metropolitan transportation authorities, including SEPTA. Further, the Commonwealth must receive a yearly financial report from such authorities, contrary to the majority's assertions of purely local oversight of the authorities' budgets. *See* 74 Pa.C.S. § 1752. By contrast, the PPA is an entirely *local* creation of the City of Philadelphia (*see* majority op. at 227–28), and

while its board members are appointed by the Commonwealth, all board members *must* be Philadelphia residents. 53 Pa.C.S. § 5508.1(d). Accordingly, I cannot agree with the majority that for purposes of the jurisdiction question before us, the legislation creating metropolitan transportation authorities is "substantially" different from those provisions of the Parking Authorities Law that concern the PPA.